UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

VS.                                        CASE NO: 2:12-cr-61-JES-D_F

KENNETH TALBERT, JR.

_____

### OPINION AND ORDER

This matter comes before the Court on defendant's letter construed as a Motion for Early Termination of Supervised Release (Doc. #164), filed on December 12, 2023.  The United States Attorney's Office filed a Response in Opposition (Doc. #166) on December 21, 2023, along with the Presentence Investigation Report (PSR) (Doc. #167-1) under seal.

On May 9, 2012, a grand jury returned an Indictment (Doc. #18) charging defendant with two counts of possession with intent to distribute over 28 grams of crack cocaine and one count of distribution of crack cocaine.  Defendant entered a plea of guilty on all three counts pursuant to a Plea Agreement (Doc. #40). (Docs. #41, #45.)  Defendant was sentenced to a term of 97 months of imprisonment as to each count to be served concurrently.  (Doc. #82.)  On December 23, 2015, defendant's sentence was reduced to 87 months pursuant to Amendment 782 of the U.S. Sentencing Guidelines.  (Doc. #98.)

Defendant commenced supervised release on September 12, 2018, and on October 25, 2018, a warrant was issued based on new criminal conduct.   (Doc. #146.)   On November 20, 2019, a Judgment for Revocation of Supervised Release was issued based on the new convictions and violations for travel outside the district without permission, imposing an additional 12 months and 1 day to run consecutively with the term in the Lee County Court case, and an additional term of four years of supervised release.  (Doc. #163.)

Defendant was released from custody of the Bureau of Prisons on May 9, 2022, and commenced a new four-year term of supervised release.  Defendant served about one year and seven months of that four-year term of supervised release.  (Doc. #166, p. 3.)

Defendant seeks early termination of his supervised release based on the substantial progress he has made with steady employment and no violations.  Early termination of supervised release is permissible if, after considering the relevant factors in 18 U.S.C. § 3553(a), the Court concludes that early termination is warranted by the conduct of defendant and the interests of justice.  18 U.S.C. § 3583(e)(1).  The Probation Office reports that defendant has done well, and therefore it does not oppose the motion.  (Doc. #166, p. 4 n.4.)

Defendant has maintained steady employment, has completed all his court-ordered treatment, and has tested negative for drugs during this most recent supervised release.  The Court finds,

however, that continued supervision is required in light of defendant's prior violation history, the relative shortness of his successful supervision, and the need to afford adequate deterrence. Having considered the relevant factors, the Court will deny early termination of supervised release at this time.

Accordingly, it is now

**ORDERED:**

Defendant's letter construed as a Motion for Early Termination of Supervised Release (Doc. #164) is **DENIED** without prejudice.

**DONE AND ORDERED** at Fort Myers, Florida this __12th__ day of January 2024.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Defendant
U.S. Attorney
U.S. Probation